UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HARRY HUESTON,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
DESHAWN EDMONDS, SHIELD # 29310, POLICE
OFFICER DEAN ARMSTEAD, SHIELD # 00300,
POLICE OFFICER JOHN DOE,

                                      Defendants.

**COMPLAINT**

14 CV 7142 (RA)

Jury Trial Demanded

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

      1.      Plaintiff, who is presently incarcerated and being prosecuted for possession of a firearm by a felon in the Southern District, alleges that the City of New York and three New York City Police Officers of PSA 8 in the Bronx violated his rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution by using unreasonable force on him and denying him medical treatment. Plaintiff also alleges assault, battery and denial of medical treatment under New York state law. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

      3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery, denial of

medical treatment and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

7. The City of New York waived its right to a 50-hearing by refusing to conduct a 50-h hearing at a correctional facility or jail and by failing to arrange for the incarcerated plaintiff to appear at a 50-h hearing at any other location.

8. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

9. Plaintiff is a resident of the State of New York.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

**STATEMENT OF FACTS**

12. On April 9, 2014, at approximately 5:30 p.m., on Classon Point Lane in Bronx, New York, Police Officer Deshawn Edmonds, Dean Armstead and John Doe of PSA 8 chased plaintiff after allegedly observing plaintiff in possession of a firearm.

13. Upon making contact with plaintiff, the defendants punished plaintiff for running away from them by slamming plaintiff to the ground, smashing plaintiff's face into the floor, twisting plaintiff's left leg, and stomping on plaintiff's left ankle.

14. Prior to beating plaintiff, one of the defendants told plaintiff, "I'm going to break your fucking leg(s) for running."

15. Defendants' actions caused plaintiff to suffer physical injuries including a torn left patellar tendon, bruising, abrasions and swelling. Defendants' actions also caused plaintiff emotional injuries.

16. After arresting plaintiff, the defendants brought plaintiff to either PSA 8 or another detention facility located in the Bronx where defendants and other members of the NYPD disregarded plaintiff's complaints of extreme pain and requests for medical treatment. Defendants also placed plaintiff in a cell for over 12 hours that did not contain a toilet or a sink and denied plaintiff food, water and use of the lavatory during that time.

17. At plaintiff's arraignment in Criminal Court, Bronx County, bail was set and plaintiff was placed in the custody of the New York City Department of Correction ("DOC").

18. While plaintiff was in DOC custody, DOC employees failed to initially provide plaintiff with proper medical care and adequate pain management telling plaintiff that his left knee "doesn't look too bad."

19.     Approximately three days later, plaintiff received x-rays while in DOC custody and was diagnosed with a torn left patellar tendon which required surgery.

20.     On April 17, 2014, plaintiff was transferred to federal custody and charged by the United States Attorney's Office for the Southern District of New York with possession of a firearm by a convicted felon.  *See* 14 Crim. 332.

21.     Since being placed in federal custody at the Metropolitan Detention Center in Brooklyn ("MDC"), plaintiff has been denied proper pre-surgical and post-operative care.

22.     The defendants are responsible and liable for plaintiff's injuries caused by the deliberate indifference and negligence of employees of the United States Bureau of Prisons at MDC because such deliberate indifference and negligence was a reasonably foreseeable consequence of the defendants' own illegal conduct.  The Restatement (Second) of Torts imposes liability on an original tortfeasor for additional harm from negligent medical care.

23.     On June 14, 2014, after being denied adequate pre-surgical care at MDC, plaintiff underwent surgery to repair his left patellar tendon at Kingsbrook Jewish Medical Center in Brooklyn.

24.     After surgery, MDC denied plaintiff adequate post-surgical care including, but not limited to, failing to remove the sutures/staples from the surgical site until August 6, 2014, failing to properly dress and treat the surgical site, failing to provide plaintiff with physical therapy, failing to take plaintiff to the orthopedist, and failing to provide plaintiff with adequate pain medicine.  Due to the negligence, denial of prompt and adequate medical care, medical malpractice, and deliberate indifference of the MDC and its officials and medical staff, claimant has suffered an infection to the surgical site, permanent damage and loss of mobility to his left knee, extreme pain and emotional distress.

**FIRST CLAIM**

**(UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)**

(Against the Individual Defendants)

25. Plaintiff repeats the foregoing allegations.

26. The individual defendants violated plaintiff's rights under the Fourth Amendment by using objectively unreasonable force on him and causing plaintiff to suffer serious injuries as described herein.

27. In addition to the injuries that the individual defendants caused plaintiff to suffer through their use of unreasonable force, the individual defendants are responsible and liable for plaintiff's injuries caused by the deliberate indifference and negligence of employees of the DOC and the United States Bureau of Prisons because such deliberate indifference and negligence was a reasonably foreseeable consequence of the individual defendants' own illegal conduct.

**SECOND CLAIM**

**(DENIAL OF MEDICAL TREATMENT UNDER THE FOURTEENTH AMENDMENT)**

(Against the Individual Defendants)

28. Plaintiff repeats the foregoing allegations.

29. The individual defendants violated plaintiff's rights under the Fourteenth Amendment by intentionally denying plaintiff medical care for plaintiff's serious injuries.

30. In addition to the injuries that the individual defendants caused plaintiff to suffer by denying plaintiff medical care, the individual defendants are responsible and liable for plaintiff's injuries caused by the deliberate indifference and negligence of employees of the DOC

and the United States Bureau of Prisons because such deliberate indifference and negligence was a reasonably foreseeable consequence of the individual defendants' own illegal conduct.

## THIRD CLAIM

### (DENIAL OF MEDICAL TREATMENT UNDER NEW YORK STATE LAW)

(Against the Individual Defendants)

31. Plaintiff repeats the foregoing allegations.

32. The individual defendants violated plaintiff's rights under New York state law by intentionally, recklessly and/or negligently denying plaintiff medical care for plaintiff's serious injuries.

33. In addition to the injuries that the individual defendants caused plaintiff to suffer by intentionally, recklessly and/or negligently denying plaintiff medical care, the individual defendants are responsible and liable for plaintiff's injuries caused by the deliberate indifference and negligence of employees of the DOC and the United States Bureau of Prisons because such deliberate indifference and negligence was a reasonably foreseeable consequence of the individual defendants' own illegal conduct.

## FOURTH CLAIM

### (ASSAULT)

(Against the Individual Defendants)

34. Plaintiff repeats the foregoing allegations.

35. The individual defendants assaulted plaintiff under New York state law by placing plaintiff in fear of imminent harmful and offensive physical contacts which injured plaintiff.

36. In addition to the injuries that the individual defendants caused plaintiff to suffer through their assault, the individual defendants are responsible and liable for plaintiff's injuries caused by the deliberate indifference and negligence of employees of the DOC and the United States Bureau of Prisons because such deliberate indifference and negligence was a reasonably foreseeable consequence of the individual defendants' own illegal conduct.

## FIFTH CLAIM

### (BATTERY)

(Against the Individual Defendants)

37. Plaintiff repeats the foregoing allegations.

38. The individual defendants battered plaintiff under New York state law by making offensive and nonconsensual physical contact with plaintiff which caused plaintiff injury.

39. In addition to the injuries that the individual defendants caused plaintiff to suffer through their battery, the individual defendants are responsible and liable for plaintiff's injuries caused by the deliberate indifference and negligence of employees of the DOC and the United States Bureau of Prisons because such deliberate indifference and negligence was a reasonably foreseeable consequence of the individual defendants' own illegal conduct.

## SIXTH CLAIM

### (VICARIOUS LIABILITY)

(Against the City of New York)

40. Plaintiff repeats the foregoing allegations.

41. The employees of the NYPD and the DOC who assaulted plaintiff, battered him, and/or intentionally, recklessly and/or negligently denied him medical care were acting within the scope of their employment as City employees at all relevant times herein.

42. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for assault, battery, and intentional, reckless and/or negligent denial of medical care.

43. The City of New York is responsible and liable for plaintiff's injuries caused by the deliberate indifference and negligence of employees of the United States Bureau of Prisons because such deliberate indifference and negligence was a reasonably foreseeable consequence of the defendants' own illegal conduct.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: September 4, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391


IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-4734
(646) 239-4330

9